Our fifth case for argument this morning is United States v. Holton. Mr. Humphrey Thank you, Your Honor, and good morning. May it please the court, I am Preston Humphrey and I am here on behalf of appellant Byron Holton. Also would like to acknowledge counsel for the government, Allie Summers. Your Honor, we are here because it is our belief that the district court abuses discretion by using uncharged conduct in order to give an upward variance in the sentence to appellant Byron Holton. It is important in looking at the analysis of the district court when issuing a sentence in this case that specifically this court looked at the issue of acquitted conduct sentencing. This case went to court. Mr. Holton was convicted of count 1 conspiracy and then found not guilty on counts 2, 3, 4, and 5, which related to Hobbs Act robberies and companion 924 C's. Prior to trial, Mr. Holton had pled guilty to a third robbery, which was count 6 and 7, which was also a Hobbs Act 924 C. The first count alleged conspiracy involving all of the activity involved in these robberies. In addition, at trial, there was testimony introduced through cooperating witnesses concerning a series of alleged robberies of drug dealers, which the witnesses said that Mr. Holton took part in as well. But on the issues of sentencing, the judge, and I would argue very correctly, rejected any notions of acquitted conduct sentencing in noting that this would be the equivalent of jury nullification. That it would be saying that looking at this from a preponderance standard and rejecting what the jury decided and then saying, OK, I'm going to sentence you on the basis of acquitted conduct, that that would be improper. But ultimately, what the court did in coming to a greater sentence on count 1, they looked at uncharged conduct. And in looking at the uncharged conduct, the argument of the district court wasn't that I find by a preponderance of the evidence that this occurred. There was basically an argument that because defendant was convicted of count 1 conspiracy, that a jury had ruled beyond a reasonable doubt. Therefore, evidence that the defendant took part in uncharged activities, the robbery of drug dealers, could properly be considered by the court. And that the jury agreed with that, and therefore, there was an upward departure from the guideline range. The defendant's guideline range in this case was 125 to 135 months. And ultimately, the judge in this matter entered a sentence of 180 months. And going through the 3553 factors and the ultimate rationale about that upward variance was the basis that. A jury potentially believed the uncharged conduct. Particularly at issue here about that notion in particular. Is that in this in this case, as far as that conspiracy count one is concerned, it would seem to be inconsistent with the jury's verdict. That they acquitted on all the other counts in front of our time is short. I think you're going to need to discuss the Supreme Court's decision in Watts and this court's decision in Sanders. Certainly, and in your honor, I absolutely understand and I will say. I've seen you question before asking are those good law? Yes, they are. I cannot sit here and argue and say that Watts is not in effect. What I can say to you at this point is that I'm not just looking at this and going. I'm against Watts because I'm against Watts. The Supreme Court did look into reconsidering this decision. The Watts decision in particular.